## SANDERS *v.* HUEY.

The evidence of an attorney, in whose hands a note had been placed for collection, is admissible, for the purpose of preventing a double credit for the same payment, to prove that a credit endorsed on the note was written by himself, and that it was intended to be for the proceeds of certain property of the maker, which had been sold to make a payment on account, although the matter was not within his personal knowledge. *Per Cur*: The evidence does not contradict nor vary the written credit, but merely goes to show its origin and the motive of the party doing the act. The information of the attorney was secondary, and probably derived from his client; but to reject his statement on the ground of hearsay, would be a misapplication of the rule.

APPEAL from the District Court of Jackson, *Copley*, J. *R. W. Richardson*, for the plaintiff. *McGuire* and *Ray*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. One of the defendant's notes exhibits the following endorsement: "This note is entitled to a credit of one hundred and forty six dollars, this 20th August, 1848." The credit was acknowledged in the plaintiff's petition, but without stating its origin. At the trial of the cause testimony was adduced by the defendant to prove the delivery of certain cotton by the defendant to *Colvin*, the payee of the note, and the right of the defendant to be credited with its value. In order to prevent the allowance to the defendant of a double credit for the same item, the plaintiff offerred the testimony of his attorney to prove that the credit endorsed on the note was for the cotton delivered by the defendant; that he, the witness, had himself written the credit upon the note, believing it to be the just credit for the cotton, although the matter was not within his personal knowledge. We see no objection to the admissibility of the evidence. It did not contradict nor vary the written credit, but merely went to show its origin and the contemporaneous motive of the party doing the act. It is obvious that the information upon which the attorney acted was secondary. It was probably derived from his client. But to reject his statement on the ground of hearsay, would be a misapplication of the rule which excludes such evidence.

The evidence leaves no doubt upon our minds that the credit endorsed upon the note was for the cotton delivered to the former holder by the defendant, and he is entitled to but one credit for it. The only difficulty upon this branch of

the case is, whether the defendant is entitled to a credit for the nett proceeds of the cotton as shipped and sold by *Colvin* for the, defendant's account, or to a credit at a certain price, at which, as the defendant contends, *Colvin* agreed to take it. The evidence on this subject is conflicting, but preponderates in favor of the former hypothesis.

We deem it unnecessary to enlarge upon the facts of the case. After a full discussion by counsel, and a careful perusal of the evidence, we are of opinion that, the judgment of the court below has done justice between the parties.

*Judgment affirmed.*